## ENOCH MORGAN'S SONS CO. v. SANITARY PRODUCTS CO.

(Court of Appeals of District of Columbia. Submitted November 14, 1922. Decided January 2, 1923.)

No. 1508.

1. **Trade-marks and trade-names and unfair competition** ☞43—Liquid soap is of same descriptive properties as toilet soap.

A liquid soap, manufactured by an applicant for a trade-mark, is of the same descriptive properties as a hand toilet soap manufactured by the owner of a prior trade-mark, which was also used for a scouring compound or scouring soap for household purposes.

2. **Trade-marks and trade-names and unfair competition** ☞43—"Soapolin" would be likely to be confused with "Sapolio."

The trade-mark "Soapolin," when applied to goods of the same descriptive properties, would be likely to be confused with the prior trade-mark "Sapolio."

Appeal from the Commissioner of Patents.

Application by the Sanitary Products Company for registration of a trade-mark, opposed by the Enoch Morgan's Sons Company. From a decision of the Commissioner of Patents, dismissing the opposition and sustaining the application, the opposer appeals. Reversed.

Archibald Cox, of New York City, and W. G. Henderson, of Washington, D. C., for appellant.

Charles S. Grindle and James A. Watson, both of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. This is an appeal from a decision of the Commissioner of Patents in a trade-mark opposition case, dismissing the opposition and sustaining the right of the applicant, appellee here, to register the word "Soapolin," used in applicant's business since April of 1917 as a trade-mark for liquid soap.

The opposer, appellant here, and its predecessors in business, have used the word "Sapolio" for almost half a century as a trade-mark for a detergent, cleansing, and scouring compound, in other words a scouring soap for household purposes, and for many years it also has manufactured and sold under this mark a toilet soap called "Hand Sapolio." The business of the opposer has been very extensive, and the mark is well known throughout the United States and in many foreign countries.

[1, 2] We are clearly of the opinion that the goods to which these marks are applied are of the same descriptive properties, within the meaning of the Trade-Mark Act. Anglo-American Incand. Light Co. v. General Elec. Co., 43 App. D. C. 385. To be sure, there are certain differences in the two products, but the points of similarity are more important in a case of this kind. The product of each party is soap,

and we are convinced that the contemporaneous use of the two marks would "be likely to cause confusion or mistake in the mind of the public or to deceive purchasers." The marks look and sound alike, and there was no apparent reason for such a simulation by the applicant.

The decision is reversed.

Reversed.